THE BUFFALO AND ALLEGANY VALLEY RAILROAD COMPANY, Respondent, v. EMILY JOHNSON, Executrix of the last will and testament of JOHN T. P. JOHNSON, Deceased, Appellant.

Plaintiff's attorneys, after notice of trial, entered an order of discontinuance on payment of costs already incurred, and served notice of same with request to have costs of defendant taxed. Defendant's attorney returned the notice, &c., stating as his reason therefor, that discontinuance without payment of costs was a nullity ; and, at circuit, took a dismissal of the complaint. A trial fee and clerk's fee on trial were taxed in the costs, plaintiff objecting.

On motion of plaintiff, the Special Term vacated the order dismissing the complaint, and ordered a readjustment of costs, striking out the trial fee and clerk's fee. Which order was affirmed by the General Term.—*Held*, That this order was not appealable to this court. It does not prevent a judgment from which an appeal may be taken.

(Argued January 7th, 1870 ; decided March 17th, 1870.)

THIS cause being at issue and upon the Circuit Court calendar, the plaintiff entered an order for its discontinuance, upon payment to the defendant of the costs and disbursements incurred therein, to be adjusted, and served copies on the defendant's attorney, together with notice to have his costs taxed. These papers were returned by the defendant's attorney, with notice that the discontinuance without pay-

ment of costs, was a nullity. On the eighth of December, the defendant's attorney, at the circuit, took a dismissal of the complaint. The clerk, in adjusting the costs, allowed a trial fee, and a clerk's fee on trial; the plaintiff objecting. The court, at Special Term, decided that this was wrong, and ordered a readjustment, by striking out those items. The General Term affirmed the order, and the defendants have appealed to this court.

Lott, J. The order, from which the appeal in this action is taken, is not appealable.

Assuming that it affects a substantial right, it does not determine or discontinue the action. It enables the plaintiff to effect a discontinuance by the payment of the costs and disbursements necessary for that purpose, but does not of itself operate as a discontinuance.

If such payment is not made in proper time, the defendant will be at liberty to proceed in the action.

The appeal should be dismissed with costs.

For dismissal of the appeal, Lott, Sutherland, Smith and Ingalls, JJ., and Earl, Ch. J.

For affirmance, Hunt, Foster and Grover, JJ.

Appeal dismissed with costs.

*Wm. C. Johnson*, for the appellant.

*Sherman S. Rogers*, for the respondent.